UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGELO M. LOVE,

Plaintiff,

SUSAN PERRY, et al.

Defendants.

No. 2:20-cv-0385 JAM DB P

ORDER

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges a violation of his First Amendment right to practice his religion. Before the court is plaintiff's first amended complaint ("FAC") for screening. For the reasons set forth below, this court finds plaintiff has stated one potentially cognizable claim under § 1983. Plaintiff will be given the choice of either proceeding with that one claim or filing a second amended complaint.

**BACKGROUND**

Plaintiff is incarcerated at the California Correctional Center ("CCC"). He filed his original complaint here on February 21, 2020. (ECF No. 1.) On screening, this court found plaintiff failed to state a cognizable claim for a violation of his First Amendment right to practice his religion. (ECF No. 8.) Plaintiff was given sixty days to file an amended complaint.

////

On April 24, 2020, plaintiff filed his FAC. (ECF No. 11.) He again alleges a violation of his right to practice his religion and also discrimination based on his race and his religion. This court considers the FAC below.

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**I. Allegations of the First Amended Complaint**

Plaintiff identifies the following defendants: (1) Lieutenant Griffith; (2) Correctional Officer ("CO") Cox; (3) CO Brewer; and (4) CCC.

Plaintiff states that he is a "Falasha Jew." He alleges that on November 2, 2019, he had a ducat to attend religious services. However, defendant Brewer denied plaintiff the right to attend those services, while allowing Native American prisoners to attend their services. Plaintiff alleges Brewer said he had "never seen a Black Jew." Plaintiff further states that he had "primary" legal user status but when he asked Brewer if he could go to the library, Brewer refused.

In his second claim, plaintiff alleges that starting on November 7, 2019, all prison staff, with the exception of two correctional officers, have refused to allow him to send legal mail confidentially. Staff have also referred to him as "the Black Jew." Plaintiff alleges he is being singled out based on his ethnicity.

////

In his third claim, plaintiff contends that defendant Griffith has on several occasions thrown plaintiff's meals to the ground and instructed staff to open and search plaintiff's Kosher meals. He also alleges that, apparently on one occasion, defendant Cox forced all prisoners with Kosher diets to dispose of their food. Cox also refused to permit plaintiff to fast and eat after sundown during Passover.

Plaintiff further claims that his religion requires that he wash before eating and say prayers over his food. While the prison had permitted those with Kosher diets to eat outside the chow hall, Cox told plaintiff the warden required plaintiff to eat in the chow hall. According to plaintiff, that posed several problems. First, the eating areas are not cleaned appropriately. Second, he is unable to finish eating before the chow hall closes. Plaintiff explains that he does not receive pre-packaged Kosher meals. Instead, an inmate specially prepares the Kosher meals, which is time-consuming and plaintiff is frequently unable to obtain his meals in time to finish them.

Plaintiff alleges that because he has complained about the treatment of Jewish inmates and the problems with Kosher meals, he has suffered retaliation in the form of the destruction of religious books and other items, pictures, and legal work.

For relief, plaintiff seeks compensatory and punitive damages and declaratory and injunctive relief.

**II. Does Plaintiff State Cognizable Claims for Relief?**

Plaintiff identifies his claims as violations of his First Amendment right to practice his religion, the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment's ban on cruel and unusual punishment. Plaintiff also appears to be alleging a claim for retaliation.

**A. Claims Against Defendant Brewer**

Plaintiff alleges defendant Brewer refused to allow him to attend religious services and to use the library on one occasion because he is a "Black Jew." In order to state a First Amendment claim, plaintiff must show a defendant's actions placed a "substantial burden" on his ability to practice his religion. Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015). A one-time incident is not sufficient to meet that standard. See Brown v. Washington, 752 F. App'x 402, 405

(9th Cir. 2018) (noting that a "one time set of circumstances" or an "isolated incident" is insufficient to constitute a "substantial burden of plaintiff's religious beliefs" under the First Amendment); Canell v. Lightner, 143 F.3d 1210, 1215 (9th Cir. 1998) (intrusions which are "relatively short-term and sporadic" do not constitute a substantial burdens under the First Amendment). Therefore, plaintiff fails to state a cognizable First Amendment claim against defendant Brewer.

This court finds plaintiff has, however, stated a claim under the Equal Protection Clause. Plaintiff alleges Brewer intentionally treated him differently than other similarly situated inmates based on both his race and his religion. This is sufficient to state an Equal Protection claim against Brewer. See City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013).

**B. Claim Against Defendant Griffith**

Plaintiff alleges Griffith on "several" occasions threw his food to the ground and instructed staff to search his meals. Again, plaintiff allegations are not sufficient to show Griffith "substantially burdened" his religious beliefs. Sporadic intrusions on his religious practices are insufficient under the First Amendment. See Canell, 143 F.3d at 1215. Plaintiff fails to allege a cognizable First Amendment claim against Griffith.

**C. Claims Against Defendant Cox**

Plaintiff's allegation that on one occasion Cox forced all prisoners with Kosher diets to dispose of their food is insufficient to state a claim for the same reason. And the same is true for plaintiff's contention that Cox refused to permit plaintiff to fast and eat after sundown on the first day of Passover.

Plaintiff also alleges that Cox informed him that the warden changed the prison's policy and required inmates with Kosher diets to eat in the chow hall. As a result, plaintiff is forced to eat in an area that does not meet his religion's standards of cleanliness and is unable to complete his meals because he does not receive his food in sufficient time to do so. Plaintiff's allegations indicate this situation is long-term, in which case he may be able to state a cognizable claim.

////

However, plaintiff describes this policy change as coming from the warden, not from defendant Cox. Plaintiff has not included the warden as a defendant in his FAC. If he wishes to state a claim regarding prison policy about where Kosher meals are eaten, he must identify the warden as a defendant, show the warden's responsibility for that change, and describe how eating in the chow hall burdens his religion or discriminates against him based on his religious beliefs.

**D. CCC is Improper Defendant**

Plaintiff adds CCC as a defendant. However, as plaintiff was instructed previously, a § 1983 action is only appropriate against a "person." Accordingly, CCC is not an appropriate defendant in this action.

**E. Remaining Claims**

There are several problems with plaintiff's remaining allegations. First, plaintiff fails to identify which defendant is responsible. Plaintiff complains that "staff" have refused to allow him to send legal mail confidentially. He appears to be alleging that they are doing so based on his race. Plaintiff may be able to state a claim under the Equal Protection Clause if he can show he was intentionally treated differently than other, similarly situated inmates, because he is Black. However, plaintiff must identify specific people who are responsible for that discrimination.

Plaintiff also claims he has suffered retaliation for complaining about the treatment of Jewish inmates but does not explain who has destroyed his property or how the destruction of his property is connected to the exercise of his First Amendment rights. Plaintiff may be able to make out a claim for retaliation under the First Amendment. To do so, he must allege facts which show the following five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted).

Finally, while plaintiff contends he is stating claims under the Due Process Clause and the Eighth Amendment, none of his allegations make out claims under those provisions.

////

**CONCLUSION**

This court finds plaintiff has stated only one potentially cognizable claim – a claim that defendant Brewer violated his rights to equal protection of the laws when he discriminated against plaintiff on November 2, 2019. This court further finds plaintiff's allegations are insufficient to state any other claims under § 1983. Plaintiff may choose to proceed on his one cognizable claim or to amend his complaint. If he chooses to proceed on his one cognizable claim, the remaining claims and defendants will be dismissed from this action.

If plaintiff choses to amend his complaint, he must adhere to the following legal standards for stating claims for relief under § 1983.

- Plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights.
- Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).
- Plaintiff must make a short, plain statement of the facts supporting each claim. See Fed. R. Civ. P. 8(a).
- Plaintiff may allege multiple claims against a single defendant. Fed. R. Civ. P. 18(a). However, he may not bring a claim against one defendant in the same case as an unrelated claim against another defendant. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

////

////

- Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief.
- An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleadings are superseded.
- Plaintiff must exhaust his administrative remedies before filing suit. 42 U.S.C. § 1997e(a).

Finally, plaintiff is advised that by signing an amended complaint, he certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff has stated a potentially cognizable Equal Protection claim against defendant Brewer. If he chooses to proceed on that claim in his FAC, within 60 days he shall so inform the court. The court will then order service of the FAC on defendant Brewer and will recommend dismissal of plaintiff's remaining claims and the other defendants.

2. Plaintiff may also choose to amend his complaint. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint in accordance with this order will result in this case proceeding on plaintiff's Equal Protection claim against defendant Brewer in the FAC and dismissal of the remaining claims.

////

////

////

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: May 8, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DLB1/prisoner-civil rights/love0385.FAC scrn