UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO M. LOVE, | No. 2:20-cv-0385 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| BREWER, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. This case is proceeding on plaintiff's claim that defendant Brewer violated his rights to equal protection of the laws by discriminating against plaintiff on the basis of his race and religion. Before the court is plaintiff's motion for the attendance of witnesses.

Plaintiff states that three inmates have information relevant to his discrimination claims. He further states that he is unable to communicate with these witnesses in order to obtain their affidavits in support of his claims. Finally, plaintiff indicates that these witnesses may not be willing to voluntarily provide affidavits.

While plaintiff identifies his motion as a "Motion for Attendance," presumably meaning attendance of these witnesses for trial, the body of his motion indicates that he is seeking to be permitted to communicate with these three inmates in order to obtain affidavits from them. Affidavits from witnesses could provide plaintiff with evidence to support an opposition to a

1

1  summary judgment motion and/or to support a later, post-summary judgment motion to have the
2  witnesses appear at trial.  (See Discovery and Scheduling Order (ECF No. 30.)
3       However, before this court will consider intervening, plaintiff must make his request to
4  the appropriate prison official.  Plaintiff has not shown that the prison denied a request to contact
5  these inmate witnesses.  Within twenty days of the date of this order, plaintiff shall inform the
6  court whether or not prison officials have denied his request to communicate with these
7  witnesses.  If they have, plaintiff shall also provide, if possible, copies of his request and of the
8  prison official's response.
9       Plaintiff indicates the inmate witnesses will not voluntarily provide affidavits.  If that is
10 the case, plaintiff's may move for the right to depose these inmates by written questions under
11 Federal Rule of Civil Procedure 31.  Under Rule 31,

> The deposition upon written questions basically would work as follows: The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness[.]

18 Harrell v. Jail, No. 2:14-cv-1690 TLN CKD P, 2015 WL 8539037, *1-2 (E.D. Cal. Dec. 11,
19 2015) (quoting Brady v. Fishback, No. 1:06-cv-0136 ALA (P), 2008 WL 1925242, at *1-2 (E.D.
20 Cal. Apr. 30, 2008)).  Plaintiff's in forma pauperis status does not entitle him to a waiver of any
21 of the costs associated with this form of deposition; instead, he must pay the necessary deposition
22 officer fee, court reporter fee, and costs for a transcript.  Id. (citations omitted); Lopez v. Horel,
23 No. C 06-4772 SI (pr), 2007 WL 2177460, at *2 (N.D. Cal. July 27, 2007), aff'd, 367 Fed. App'x
24 810 (9th Cir. 2010); Rowell v. Zamora, No. 2:14-cv-1888 KJM EFB P, 2018 WL 5225341, at *3
25 (E.D. Cal. Oct. 22, 2018) (citing Lopez, 2007 WL 2177460).  If plaintiff decides to make a
26 motion to depose the inmate witnesses by written questions, he must affirm that he can, and is
27 prepared to, pay those costs.
28 ////

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that within twenty days of the filed date of this order, plaintiff shall file with the court a document stating whether he has asked the prison to permit him to communicate with the inmate witnesses and whether, if he has, that request was denied.

Dated: March 16, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/love0385.wit comm